# In the United States Court of Federal Claims

No. 18-1780C

(Filed: July 2, 2019)

```
******************************************
                                          *
ROBERT SHAPIRO,                           *
                                          *
                         Plaintiff,       *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                         Defendant.       *
                                          *
******************************************
```

## ORDER

WHEELER, Judge.

    On May 7, 2019, the Government filed a motion to partially dismiss *pro se* Plaintiff Robert Shapiro's complaint. Mr. Shapiro's response was originally due by June 7, 2019. Having not received a response by that date, the Court issued an order on June 13, 2019 giving Mr. Shapiro until Friday, June 28, 2019 to file a response and a statement explaining why the Court should not dismiss his complaint under Rule 41(b) of the Court of Federal Claims for failure to prosecute. The June 13 order also warned Mr. Shapiro that failure to comply with the Court's order will result in dismissal of the complaint. Mr. Shapiro made a filing on June 25, 2019.

    Plaintiff's complaint appears to allege that the IRS failed to issue tax refunds for years 2014 and 2016. In its motion to dismiss, the Government generally asserts that both were untimely filed. Untimeliness aside, the Government moved to partially dismiss the portion of Mr. Shapiro's complaint asserting that the IRS failed to issue him a 2016 tax refund because the IRS already issued a refund to Mr. Shapiro for the 2016 tax year in the amount of $588. The Government attaches Mr. Shapiro's 2016 tax transcript to its motion which indeed shows that the IRS issued a refund to Mr. Shapiro. On June 25, 2019, the Court received Mr. Shapiro's filing which is very difficult to understand. However, what

is clear is that this filing fails to respond to the Government's motion to dismiss in any substantive way.

Under the requirements of Rule 12(b)(6), a complaint fails to state a claim upon which relief may be granted "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). The Court must construe allegations in the complaint favorably to the plaintiff. See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013). Still, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted). Courts may, in considering a whether a plaintiff states a plausible claim for relief, consider materials in the public record. See Terry v. United States, 103 Fed. Cl. 645, 652 (2012).

The IRS's assessment of whether plaintiff has made an overpayment "is presumed to be correct, and the taxpayer bears the burden of coming forward to overcome this presumption." Cencast Servs., L.P. v. United States, 94 Fed. Cl. 425, 453 (2010), aff'd, 729 F.3d 1352 (Fed. Cir. 2013). "The Government can invoke the presumption of correctness by presenting the Certificate of Assessment, which is prima facie proof that the IRS made a valid assessment." Kobus v. United States, 103 Fed. Cl. 575, 586 (2012). Plaintiff's tax transcript shows that on October 22, 2018, the IRS issued Mr. Shapiro a refund for the 2016 tax year for $588. Def. Ex. 1.

Since the IRS issued a refund to Mr. Shapiro for tax year 2016, there is no injury for the Court to redress. See Dellew Corp. v. United States, 108 Fed. Cl. 357, 373 (2012) (Courts should dismiss a case when an intervening event "renders it impossible for [the] court to grant any effectual relief . . . ."). Plaintiff has not set forth any other grounds for a refund beyond this non-payment. Accordingly, the Government's motion to partially dismiss is GRANTED.

IT IS SO ORDERED.

*[signature]*

THOMAS C. WHEELER
Judge