# In the United States Court of Federal Claims

No. 18-1780T

(Filed: June 15, 2020)

**(NOT FOR PUBLICATION)**

|  |  |
|---|---|
| **ROBERT SHAPIRO,** | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On November 7, 2018, Plaintiff, Robert Shapiro, filed suit against Defendant, the United States, in this Court.[1]  ECF No. 1.  On December 11, 2018, Mr. Shapiro filed his first amended complaint ("Complaint").  ECF No. 7.  Mr. Shapiro's Complaint is difficult to comprehend, but appears to allege that the Internal Revenue Service ("IRS") failed to issue required tax refunds in 2014 and 2016.  *Id.* at 2.  On May 7, 2019, the government filed an answer to Mr. Shapiro's Complaint and moved to partially dismiss Mr. Shapiro's claims regarding his 2016 tax return.[2]  ECF Nos. 19, 20.  Mr. Shapiro failed

---

[1] On November 20, 2018, the Court denied Mr. Shapiro's motion for leave to proceed *in forma pauperis* because Mr. Shapiro's application was incomplete.  ECF No. 5.  The Court also noted that Mr. Shapiro's original complaint appeared to be incomplete and invited Mr. Shapiro to correct any errors therein as well.  *Id.*  Mr. Shapiro filed a corrected motion for leave to proceed *in forma pauperis* and an amended complaint on December 11, 2018.  ECF Nos. 6, 7.  On December 12, 2018, the Court granted Mr. Shapiro's motion for leave to proceed *in forma pauperis*.  ECF No. 9.

[2] On January 2, 2019, the government moved to stay the case due to a lapse in appropriations.  ECF No. 11.  On January 3, 2019, the Court granted the government's motion and stayed this case.  ECF No. 12.  On January 29, 2019, the government notified the Court that Congress had restored appropriations for the Department of Justice; and thereafter the government moved for an extension of time to file an answer to Mr. Shapiro's Complaint.  ECF No. 15.  On February 1, 2019, the Court granted the government's motion for an extension of time to file an answer.

to respond to the government's motion by the June 7, 2019 deadline.  *See* ECF No. 21.  On June 13, 2019, the Court issued an order giving Mr. Shapiro until June 28, 2019 to respond to the government's motion and to explain why the Court should not dismiss his Complaint under Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC").  *Id.*  On June 25, 2019, Mr. Shapiro filed a document with this Court, which "fail[ed] to respond to the Government's motion to dismiss in any substantive way."  ECF No. 23 at 2.  On July 2, 2019, the Court granted the government's motion to partially dismiss the Complaint.  *Id.*

On June 25, 2019, the government also moved for leave to file a unilateral preliminary status report rather than the joint report that RCFC Appendix A(III)(4) and (5) require.  ECF No. 22.  The government represented that its counsel repeatedly had attempted to contact Mr. Shapiro by email and telephone, but that Mr. Shapiro never responded to the government and that Mr. Shapiro's phone number appeared to be "disconnected or not functional."  *Id.* at 1.  Mr. Shapiro failed to respond to the government's motion for leave to file a unilateral preliminary status report by the July 12, 2019 deadline.  *See* ECF No. 24.  On August 20, 2019, the Court granted the government's motion for leave to file a unilateral preliminary status report, *id.*, which the government filed on August 26, 2019.  ECF No. 25.

On August 27, 2019, the Court issued a scheduling order, requiring the parties to make initial disclosures by September 16, 2019 and conclude fact discovery by December 16, 2019.  ECF No. 26.  On November 12, 2019, the United States Postal Service ("USPS") returned as undeliverable the scheduling order that the Court previously had sent to Mr. Shapiro via first-class mail.  ECF No. 27.  The return-to-sender notice indicated that Mr. Shapiro's mailbox was closed, and that the USPS was "unable to forward" the mail.  *Id.*  On November 15, 2019, the Court emailed Mr. Shapiro a copy of the scheduling order.  ECF No. 28.  Mr. Shapiro did not respond to that email.

On January 24, 2020, the Court ordered each party to submit a status report detailing the progress that the parties made during discovery.[3]  ECF No. 29.  On February 6, 2020, the government submitted its status report.  ECF No. 32.  The government represented it served initial disclosures and a first set of interrogatories and requests for production of documents on Mr. Shapiro on September 16, 2019 and October 23, 2019, respectively.  *Id.* at 2.  The government represented that the USPS returned those documents to the government on, respectively, November 14, 2019 and November 15, 2019 as "return to sender, unclaimed, could not forward."  *Id.*  The government further represented that the government emailed Mr. Shapiro the

---

ECF No. 16.  On March 4, 2019, the Court granted the government's second motion for an extension of time to file an answer.  ECF No. 18.

[3] On February 5, 2020, this case was reassigned to the undersigned Judge.  ECF No. 30.

documents on November 14, 2019, but never received a response from Mr. Shapiro. *Id.* Mr. Shapiro did not file a status report by the February 6, 2020 deadline.

On March 10, 2020, the USPS returned to the Court the January 24, 2020 status report order that the Court had mailed to Mr. Shapiro. ECF No. 33. The return-to-sender notice provided that the mailbox was closed and that the USPS was "unable to forward" the mail. *Id.*

RCFC 41(b) permits the Court to dismiss a case for failure to prosecute. In particular, RCFC 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction or failure to join a party under RCFC 19—operates as an adjudication on the merits.

"Because public policy strongly favors the prompt disposition of cases by trial courts, and in order to expedite judicial proceedings while preventing undue delays in the disposition of pending cases, federal trial courts have been given broad discretion to dismiss a plaintiff's action . . . ." *Lefley v. United States*, No. 259-89T, 1997 WL 718468, at *8 (Fed. Cl. July 31, 1997) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). "If . . . judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical." *Kadin Corp. v. United States*, 782 F.2d 175, 177 (Fed. Cir. 1986) (quoting *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981)). This Court's "exercise of discretion will not be disturbed on appeal unless upon a weighing of relevant factors [the U.S. Court of Appeals for the Federal Circuit is] left with a definite and firm conviction that the court below committed a clear error of judgment." *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (internal quotation omitted).

The facts in this case weigh heavily in favor of dismissal. Neither this Court nor the government have heard from Mr. Shapiro since June 25, 2019. In his last submission to this Court, Mr. Shapiro failed to respond substantively either to the government's motion or the Court's order to explain why the Court should not dismiss the Complaint pursuant to RCFC 41(b). Since that time, Mr. Shapiro has failed to participate in the filing of a joint status report pursuant to RCFC Appendix A(III)(4) and (5), failed to respond to the government's motion to file a unilateral status report, failed to communicate with or respond to the government's requests during discovery, and failed to file a status report in accordance with this Court's order. Mr. Shapiro appears to have disconnected his phone and closed his mailbox without providing forwarding

information to the USPS or this Court.  Mr. Shapiro also has been nonresponsive via email.  Accordingly, dismissal is reasonable and appropriate in this case.  *See Cash Exp., Inc. v. United States*, 23 Cl. Ct. 136, 137 (1991) ("Plaintiff failed to respond to defendant's discovery requests even after numerous attempts by government counsel to secure those replies.  By so refusing, plaintiff has prevented the orderly and speedy resolution of this case. . . .  When a party decides to ignore this court's discovery schedule and substitute its own, or otherwise fails to comply with the court's orders and Rules, dismissal is proper.").

Mr. Shapiro is proceeding *pro se*.  While "[t]he practice of according more leniency to *pro se* plaintiffs in procedural matters does not insulate them from dismissal for repeated failure to comply with court orders," *Colbert v. United States*, 30 Fed. Cl. 95, 100 n.6 (1993), the Court is cognizant of Federal Circuit precedent, which emphasizes that "dismissal is a harsh sanction." *Kadin Corp.*, 782 F.2d at 176.  Accordingly, this Court has considered imposing less drastic sanctions,[4] but finds that none would be effective in this case given the plaintiff's lack of responsiveness to prior warnings and Court orders.  Nonetheless, dismissal without prejudice is warranted in this case.  Mr. Shapiro may refile a claim regarding his 2014 tax return — provided that the statute of limitations has not run on his claim — if and when Mr. Shapiro is prepared to diligently prosecute his case.

Consequently, Mr. Shapiro's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to RCFC 41(b).  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

*Matthew H. Solomson*

Matthew H. Solomson
Judge

---

[4] Alternative sanctions include "[1] a warning, [2] a formal reprimand, [3] placing the case at the bottom of the calendar, [4] a fine, [5] the imposition of costs or attorney fees, [6] the temporary suspension of the culpable counsel from practice before the court, ... [7] preclusion of claims or defenses, ... [8] the imposition of fees and costs upon plaintiff's counsel[,] [and] [9] [p]roviding plaintiff with a second or third chance...." *Colbert*, 30 Fed. Cl. at 99 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987)).